UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OVERSEAS PRIVATE INVESTMENT CORPORATION,<br><br>                              Plaintiff,<br><br>                   -against-<br><br>FRANCISCO J. GALI,<br><br>                              Defendant. | **COMPLAINT** |

Overseas Private Investment Corporation ("OPIC"), by and through its attorneys, Emery Celli Brinckerhoff & Abady LLP, for its Complaint against defendant Francisco J. Gali, alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action to enforce a loan Guaranty. Francisco J. Gali ("Gali" or "Guarantor") signed a personal Guaranty to induce OPIC to loan PT Tucan Pumpco Services ("Borrower") $4.5 million to support a project in Indonesia. At the time, Gali was the President Commissioner of Borrower and indirect owner of a majority of the outstanding shares of Borrower's stock. By its terms, Gali's Guaranty is unconditional and irrevocable. The loan is now in default; Gali must abide by terms of the Guaranty and repay Borrower's debt.

**THE PARTIES**

2.      Plaintiff OPIC is an agency of the United States government, with its principal offices located at 1100 New York Avenue, N.W., Washington, D.C. OPIC is the federal government's development finance agency. As part of its mission, OPIC offers loan financing, among other things, to United States investors for specified approved projects in the developing

1

world.

3.      Defendant Francisco J. Gali is a natural person, and a citizen of the state of Maryland, residing at 6391 Arlington Road, Suite B, Bethesda, MD 20814. Gali was, as of January 30, 2006, the President Commissioner of Borrower and indirect owner of a majority of the outstanding shares of Borrower's stock; he directed the management and policies of Borrower.

## JURISDICTION AND VENUE

4.      Jurisdiction and venue are properly set before this Court. OPIC is an agency of the United States government. The amount in controversy, without interest, default interest, or attorneys' fees and costs, exceeds seventy-five thousand dollars ($75,000.00). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1345.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). In the Guaranty that is the subject of this action, Gali expressly and unconditionally consented to the laying of venue in this judicial district. The Guaranty is governed by the laws of the State of New York.

## FACTUAL ALLEGATIONS

**The Loan Agreement**

6.      This action arises out of the Guaranty of a loan. The loan agreement, dated as of January 30, 2006, is between PT Tucan Pumpco Services ("Borrower") and OPIC as lender (the "Loan Agreement"). Pursuant to the Loan Agreement, OPIC extended to Borrower a credit facility in the principal amount not to exceed four million five hundred thousand dollars ($4,500,000) (the "2006 Loan"). The Loan Agreement was intended solely to fund the establishment and development of an oil and gas services business in Indonesia.

7.     Under the Loan Agreement, Borrower was entitled to three disbursements, to be drawn down from time to time in amounts not less than $1,000,000, in multiples of $100,000 in excess thereof.

8.     Two million one hundred thousand dollars ($2,100,000) of the $4,500,000 2006 Loan was disbursed on June 30, 2006. One million three hundred thousand dollars ($1,300,000) of the 2006 Loan was disbursed on June 29, 2007.

9.     On September 24, 2010, OPIC agreed to lend Borrower an additional eight hundred thousand dollars ($800,000) (the "2010 Loan") and amended the Loan Agreement accordingly.

10.     As set forth in more detail below, each disbursement requested by Borrower under the Loan Agreement was collateralized, among other things, by the Guaranty.

11.     Section 3.1 of the Loan Agreement requires the Borrower to "pay interest on the outstanding unpaid principal amount of the Loan for each day the Loan is outstanding at the Interest Rate." Section 3.1 further provides that:

> Any overdue principal, interest or other amounts shall . . . bear interest payable on demand for each day from the date payment was due to the actual date of payment, at a rate equal to the Interest Rate plus two percent (2%) per annum (the "Default Rate").

**The Guaranty**

12.     Section 2.3 of the Loan Agreement provides that "OPIC . . . shall be entitled to the benefits of each of the following (collectively, the 'Security Documents') . . . a Sponsor guaranty made by the U.S. Sponsor [Gali] in favor of OPIC."

13.     Section 5.2(1) of the Loan Agreement provides that, as a condition precedent to OPIC's obligation to make the first disbursement under the Loan Agreement, "Each of the Security Documents shall have been executed by each of the parties thereto and delivered to

3

OPIC."

14.    Gali executed a Guaranty in favor of OPIC dated as of June 30, 2006, OPIC Loan

Number 479-2005-842-DI.

15.    Under Section 1 of the Guaranty, Gali:

> Unconditionally and irrevocably guarantees, as primary
> obligor and not merely as a surety, the full and punctual
> payment when due, whether at stated maturity, by
> acceleration or otherwise, of all obligations of the Borrower
> now or hereafter existing under the Loan Agreement, the
> Note, and all other Loan Documents, whether for payment
> of principal, interest, fees, expenses, or otherwise, and for
> due performance and compliance by the Borrower with the
> terms and conditions of the Loan Documents (such
> obligations being the "Obligations" [of Borrower]).

16.    Under Section 2 of the Guaranty, Gali agreed that his Obligations under the

Guaranty:

> Are independent of the Obligations [of Borrower], and a
> separate action or actions may be brought and prosecuted
> against the Guarantor to enforce this Guaranty, irrespective
> of whether any action is brought against the Borrower or
> whether the Borrower is joined in any such action or
> actions. All rights of OPIC and the obligations of the
> Guarantor under this Guaranty shall be absolute,
> unconditional, irrevocable, and continuing and shall not to
> any extent or in any way be reduced, limited, terminated,
> discharged, impaired, or otherwise affected . . . .

17.    The Guaranty was expressly to continue "irrespective of . . . any right, claim,

defense, waiver, surrender, or compromise that the Guarantor may have or have made under or

with respect to this Guaranty or otherwise."

18.    Under Section 2(b) of the Guaranty, Gali agreed that:

> This Guaranty is a guaranty of payment and performance
> and not of collection. OPIC may require payment by the
> Guarantor and enforce the obligations of the Guarantor
> hereunder without first being required to: (i) make any
> demand of, or make any effort of collection of any

obligation of, or enforce OPIC's claims against, the Borrower, the Guarantor, or any other person; or (ii) resort to any security or other guaranty of the Loan or this Guaranty; or (iii) take any other action.

19.   Under Section 3 of the Guaranty, Gali:

Unconditionally waives (a) presentment, demand, set-off, diligence, filing of claims with a court in the event of a bankruptcy or insolvency of the Borrower, or otherwise, and any right to require a proceeding first against the Guarantor or the Borrower; (b) notice (including notice of a Default or Event of Default of the Borrower), protest, notice of acceptance of this Guaranty, notice of collateral received or delivered, or notice of any other action taken in reliance hereon; (c) all demands and notices in connection with the delivery, acceptance, performance, default, or enforcement of any of the Obligations, all notices of the Documents, and all other demands and notices of any description; and (d) any requirement that OPIC protect, secure, perfect, or insure and Lien or any property subject thereto or exhaust any right or take action against the Borrower or any other Person or any collateral.

**The Borrower Defaults**

20.   As of this writing, the Borrower has failed and refused, among other things, a) to pay principal and interest required under the Loan Agreement, and b) to comply with the information reporting requirements contained in the Loan Agreement.

**OPIC's July 21, 2015 Notice of Default and Reservation of Rights Letter to Gali**

21.   Pursuant to Section 9.2 of the Loan Agreement, by letter dated July 21, 2015, OPIC served upon Borrower and Guarantor a Notice of Default and Reservation of Rights, which set forth nine different Events of Default under Section 8.1(1) of the Loan Agreement stemming from Borrower's non-payment of loan installations under the 2006 Loan and 2010 Loan. The Notice of Default also set forth seven Events of Default under Sections 8.1(4), 8.1(8), and 8.1(9) of the Guaranty and Section 7.1 of the Loan Agreement stemming from failures by Borrower and Guarantor to provide financial and other required information.

22.     Except for one payment of $80,000 made in September 2016 by the President Director of Borrower (Perintis Gunawan) and one payment of $962.79 made in January 2016, Borrower subsequently failed and refused to pay any portion of its debt to OPIC.

23.     But for these two payments, OPIC has not collected any amount in satisfaction of Borrower's debt.

24.     Borrower also failed and refused to comply with its financial reporting obligations under the Guaranty.

**OPIC's August 17, 2017 Demand for Payment Under Guaranty**

25.     By letter dated August 17, 2017, OPIC served upon Borrower and Gali a Demand for Payment Under Guaranty in the amount then outstanding (the "Default Amount"). OPIC directed Borrower and Guarantor to make full payment of the Default Amount by September 30, 2017.

26.     OPIC notified Borrower that, if the Default Amount were not paid by September 30, 2017, the full amount of the Loans would become due and owing on that date. OPIC further advised Borrower that it would then be liable not only for the Default Amount overdue as of August 17, 2017, but also for the additional remaining balance of the Loans and all interest that had accrued and would continue to accrue.

**OPIC's October 31, 2017 Notice of Default and Acceleration**

27.     Borrower failed and refused to pay the Default Amount or any portion thereof by September 30, 2017.

28.     Pursuant to Section 9.2 of the Loan Agreement, on October 31, 2017, OPIC served Borrower and Guarantor with a Notice of Default and Notice of Acceleration (the "Notice of Default and Acceleration"), which set forth that Borrower was in default of its payment

6

obligations to OPIC and that, as a result, all outstanding obligations of Borrower were immediately due and owing. Accordingly, OPIC's Notice of Default and Acceleration directed Borrower to repay the principal sum of $3,895,973.03 plus accrued interest then to date of $688,034.02, for a total immediately due and owing of $4,584,007.05 (the "Accelerated Debt"). OPIC advised Borrower by the same Notice of Default and Acceleration that per diem interest would continue to accrue on the Accelerated Debt at the daily rate of .22% until full payment was made.

29.     Neither Borrower nor Guarantor subsequently paid the Accelerated Debt or any portion thereof.

**Gali's Indemnification Obligations to OPIC**

30.     On November 30, 2016, OPIC received formal notification of an October 29, 2015 Judgment against it in Civil Case 133/2013 in the District Court of South Jakarta. This matter involves investment funds alleged to have been provided to Borrower and the transfer of certain of Borrower's shares.

31.     OPIC and Gali were both named as Defendants in the District Court Judgment.

32.     On June 2, 2017, OPIC submitted a memorandum of appeal to the DKI Jakarta High Court, 133/Pdt/G/2013/PN.JKT.SEL.

33.     On January 22, 2018, the DKI Jakarta High Court upheld the Judgment of the District Court and imposed damages on all Defendants in the amount of 3,558,629,000.00 Indonesian rupiah, 13,885.42 Singaporean dollars, and $2,651,569.16 (approximately $2,912,558.73 total).

34.     OPIC filed notice of its further appeal on February 5, 2018.

35.     OPIC submitted its memorandum of further appeal on February 19, 2018.  As of

this writing, the DKI Jakarta High Court is in receipt of that memorandum but has yet to rule on

OPIC's further appeal.

36.     Section 23 of the Guaranty provides that:

> The Guarantor shall, at all times, to indemnify and hold harmless OPIC and its directors, officers, and employees . . . in connection with any Loss . . . and any Costs of Defense. . . . The term "Loss" shall mean any losses, claims, damages, penalties, or other costs relating to this Guaranty, the Loan, any other Loan document, or the Project to which [OPIC] may become subject. The term "Costs of Defense" shall mean costs, fees, and expenses incurred by or imposed on any Indemnified Person in defending, analyzing, settling, or resolving a Loss or Potential Loss.

37.     Section 23 of the Guaranty further provides that:

> OPIC . . . shall: (1) notify the Guarantor in writing as soon as practicable of any Loss, Potential Loss, or Cost of Defense, and (B) keep the Guarantor reasonably informed of material developments with respect thereto.

38.     By letter dated August 17, 2017, OPIC provided formal notice to Gali of his

indemnification obligations under Section 23 of the Guaranty. OPIC explained that the matter

before the District Court of South Jakarta implicated the Borrower's Loans and therefore

triggered Gali's duty to indemnify OPIC against any damages ultimately incurred.

39.     As of this writing, despite multiple letters of notice sent over the previous 18

months, Gali still has not contacted OPIC to resolve his outstanding debt on the Guaranty.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

40.     OPIC repeats and re-alleges the allegations contained in preceding paragraphs of this Complaint as if fully set forth herein.

41.     As of January 30, 2006, the parties entered into the Loan Agreement, pursuant to which OPIC agreed to loan Borrower $4.5 million to fund an oil and gas services business in Indonesia.

42.     Gali executed a Guaranty in favor of OPIC on June 30, 2006.

43.     Borrower breached the Loan Agreement by failing to repay loan installments disbursed on June 30, 2006 and June 29, 2007, as well as an additional loan of $800,000 made on September 24, 2010, and by failing to make certain financial disclosures required by the Loan Agreement.

44.     Although OPIC served Borrower and Gali with (1) a Notice of Default and Reservation of Rights letter, (2) a Demand for Payment Under Guaranty, and (3) a Notice of Default and Acceleration of the entire principal sum plus all accrued interest, Borrower failed and refused to pay the sum it owed OPIC under the Loan Agreement.

45.      Gali failed and refused to pay any portion of the Accelerated Debt owed to OPIC pursuant to his Obligations under the Guaranty.

46.     Gali is therefore in breach of the Guaranty, and presently owes OPIC the sum of four million five hundred and eighty-four thousand seven dollars and five cents ($4,584,007.05).

47.     OPIC has been damaged thereby.

## SECOND CAUSE OF ACTION
### (Indemnification)

48.      OPIC repeats and re-alleges the allegations contained in preceding paragraphs of this Complaint as if fully set forth herein.

49.      Gali executed a Guaranty in favor of OPIC on June 30, 2006.

50.      Section 23 of that Guaranty provides that Gali is obliged to indemnify OPIC against any Loss or Costs of Defense incurred in relation to the Guaranty, the Loan, any other Loan Document, or the Borrower's Project in Indonesia.

51.      Gali is obligated "at all times" to indemnify OPIC for "costs, fees, and expenses, incurred by" OPIC "in defending, analyzing, settling, or resolving a Loss."

WHEREFORE, OPIC respectfully requests that the Court grant it the following relief:

A.      Judgment against defendant Francisco J. Gali in the amount of four million five hundred and eighty-four thousand seven dollars and five cents ($4,584,007.05), plus interest at the statutory rate;

B.      Default interest amounting to interest at the statutory rate plus two percent (2%) per annum, pursuant to the terms of the Loan Agreement and Guaranty;

C.      A requirement that defendant Francisco J. Gali place into escrow an amount to be determined at trial, consisting of any final money judgment levied against OPIC stemming from the matter before the Jakarta courts; and

D.      Taxable costs and disbursements and such other and further relief as to the Court

may seem just and proper.



Dated: New York, New York
       June 10, 2019

                                        EMERY CELLI BRINCKERHOFF &
                                        ABADY LLP

                                        By: _____
                                            O. Andrew F. Wilson
                                            Emma L. Freeman

                                        600 Fifth Avenue, 10th Floor
                                        New York, New York 10020
                                        (212) 763-5000

                                        *Attorneys for Plaintiff OPIC*