USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/23/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES INTERNATIONAL
DEVELOPMENT FINANCIAL
CORPORATION,

                Plaintiff,

v.

FRANCISCO J. GALI,

                Defendant.

19-CV-5418 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    For the reasons stated at the show cause hearing held on December 10, 2021, Plaintiff's motion for default judgment against Defendant Francisco J. Gali is granted as to Plaintiff's first cause of action, which alleges that Defendant breached an agreement to guarantee certain loans.

    Plaintiff is entitled to damages on its first cause of action. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Am. Jewish Comm. v. Berman*, No. 15-cv-5983 (LAK) (JLC), 2016 WL 3365313, at *3 (S.D.N.Y. June 15, 2016) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)), *adopted by* 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Brown v. All Pro Contracting*, No. 19-cv-10267 (RA), 2020 WL 6700576, at *2 (S.D.N.Y. Nov. 13, 2020).

Plaintiff has submitted documentary evidence establishing with reasonable certainty that as of October 31, 2017, the outstanding principal amount due on the loans was $3,895,973.03 and the accrued interest was $746,473.62.  *See* Ex. 2 to the Bequai Dec. in Support of Pl.'s Mot. for Default Judgment (Dkt. 46-2), at 2.  These amounts were immediately due and payable as of October 31, 2017, the date Plaintiff sent its Notice of Acceleration and Call on Guaranty to Defendant.  *See id.*  Plaintiff has further submitted documentary evidence establishing with reasonable certainty that an 8% annual interest rate applies to "any overdue amount" on the loans "from the date that such amount was due to the date of payment thereof in full."  *See* Ex. A to Dec. 17, 2021 letter (Dkt. 62-1), at 2.  Accordingly, an annual prejudgment interest rate of 8% applies from October 31, 2017—the date that Plaintiff's cause of action accrued—to the date of judgment.  *See NYCTL 1998-2 Tr. v. Wagner*, 61 A.D.3d 728, 729 (N.Y. App. Div. 2009) (concluding that a contractually set rate of prejudgment interest may control over New York's statutory rate of interest in breach of contract cases).  Applying that annual rate here yields $1,292,819.74 in prejudgment interest.[1]  Accordingly, Plaintiff is entitled to $5,935,266.39 in damages—in other words, the sum of the outstanding principal amount of $3,895,973.03, the $746,473.62 in interest that had accrued by October 31, 2017, and the $1,292,819.74 of prejudgment interest that has accrued from October 31, 2017 to December 23, 2021.

The Clerk of Court is respectfully directed to enter judgment in the amount of $5,935,266.39 for Plaintiff plus post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate set forth in 18

---

[1] In its December 17, 2021 letter, Plaintiff states that the total prejudgment interest amount is $1,292,822.61.  The Court is unable to confirm this figure by applying the mathematical formula outlined by Plaintiff in its letter.  As Plaintiff states, multiplying the outstanding principal due on the loans by 8% yields an annual prejudgment interest amount of $311,677.84, which translates to a daily prejudgment interest amount of $853.91.  But multiplying this number by the 1,514 days that have passed between the date of default and the date of judgment appears to yield a value of $1,292,819.74.

2

U.S.C. § 1961.  The Clerk of Court is further directed to terminate the motion at docket number 45 and to close this case.  Plaintiff is directed to serve a copy of this Order on Defendant and to file proof of such service on the docket by no later than January 4, 2022.

SO ORDERED.

Dated:   December 23, 2021
          New York, New York

                                      RONNIE ABRAMS
                                      United States District Judge